IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY VALDEZ,

      Plaintiff,

vs.                                               Civ. No. 08-933 RHS.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant.

## ORDER SETTING SHOW CAUSE HEARING

**THIS MATTER** comes before the Court in consideration of Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. §2412 ("Motion for Attorney Fees"), filed November 25, 2009 **[Doc. No. 28]** and the Court's Order Regarding Notice of Completion ("Order"), filed January 14, 2010 **[Doc. No. 32]**. In its Order, this Court pointed out Plaintiff's apparent failure to comply with Local Civil Rule ("LR") 7.4(a)[1] and directed Plaintiff to either file an appropriate notice of completion or request an extension of time no later than January 22, 2010. Plaintiff did not seek an extension of time and he failed to file a notice of completion on or before January 22, 2010, as expressly required by this Court. Although the Court finds that Plaintiff's Motion for Attorney Fees should be denied for the reasons set forth in this order, Plaintiff will be afforded an opportunity to show cause, if any, why his motion should not be denied.

Plaintiff filed a Notice of Completion ("Notice") on January 25, 2010, three days beyond the deadline set by the Court. (See **[Doc. No. 33]**). In his Notice, Plaintiff offers no apology,

---

[1] LR 7.4(a) provides that "upon completion of briefing, the movant must file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number." D.N.M.LR-Civ. 7.4(a).

explanation, or any mention whatsoever regarding his failure to comply with the Court's express directives set forth in its Order. Rather, Plaintiff's counsel incorrectly asserts in the Notice that he "[e]lectronically filed [the Notice on] 11/11/2009." (Notice (attorney signature line)).[2] To date, Plaintiff has neither explained his failure to comply with the Order, nor sought the Court's permission to file a notice of completion beyond the deadline set in the Order. Finally, the Court finds that Plaintiff failed to comply with the clear directives set forth in its Order, despite the Court's express and emphatic warning that such failure "*will result in the denial of his motion for award of attorney's fees without further notice*." (Order at 1 (emphasis in original)).

The denial of Plaintiff's Motion for Attorney Fees would not affect the resolution of the case on the merits, and thus, would not constitute the "ultimate sanction" of outright dismissal of his case.[3] Nevertheless, the Court has considered the degree of actual prejudice to the respondent, the amount of interference with the judicial process, and the culpability of the litigant. Having done so, the Court finds that the denial of Plaintiff's Motion for Attorney Fees would be justified and appropriate under the circumstances. However, the Court will afford Plaintiff an opportunity to show cause, if any, why his Motion for Attorney Fees should not be denied for the reasons set forth in this order.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff shall appear before the undersigned at the United States Courthouse, Hondo Courtroom, 4th Floor, 333 Lomas Blvd. N.W., Albuquerque, New Mexico,

---

[2] Plaintiff's counsel also certifies that he served a copy of the Notice on opposing counsel "via the CMF/ECF [sic] system this 11th day of November 2009." (Notice at 2).

[3] Indeed, the Court granted Plaintiff's motion to remand and entered its judgment on October 30, 2009. (See Memorandum Opinion and Order **[Doc. No. 26]** and Judgment **[Doc. No. 27]**).

on **Thursday, February 11, 2010** at **2:00 p.m.** to show cause, if any, why the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. §2412 **[Doc. No. 28]** should not be **denied**.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE